Filed 5/16/24  P. v. Ali CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B332975 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA084063) |
| v. | |
| OMARI ALI, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jacqueline Lewis, Judge.  Affirmed.

Omari Ali, in pro. per.; Robert Derham, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Omari Ali appeals from an order after judgment denying his petition for resentencing under Penal Code section 1172.6.[1] His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and Ali filed a supplemental brief asking us to reverse the order denying his resentencing petition. We find no basis for reversal and affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

### *The Underlying Proceedings*

We take our statement of the evidence from the Court of Appeal opinion affirming the judgment of conviction. (*People v. Ali* (Oct. 21, 2011, B223727) [nonpub. opn.] (*Ali*).)[2]

"On July 27, 2008, Larry Hammet (the decedent) worked at a Pomona barbershop but also sold marijuana there. On that date, [Breeana] Finley drove Keyon Hill and Ali in a car to the barbershop so Hill could buy marijuana. [Fn. omitted.] Finley remained in the car while Ali and Hill entered the barbershop. After Ali and Hill entered, they struggled with Hammet over a bag containing a marijuana brick. Ali, using a firearm, shot Hammet multiple times . . . . Ali and Hill took the marijuana brick and entered the car, and Finley drove them away."

---

[1] All further undesignated statutory references are to the Penal Code.

Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We therefore refer to the statute as section 1172.6 for the remainder of this opinion.

[2] We refer to the factual background from *Ali* only "for background purposes and to provide context for the parties' arguments." (*People v. Flores* (2022) 76 Cal.App.5th 974, 978, fn. 2.)

In February 2010, the People filed a second amended information charging Ali, Hill, and Finley with Hammet's murder under section 187, subdivision (a).  As to Ali, the information alleged that he personally used and intentionally discharged a handgun, proximately causing great bodily injury and death (§ 12022.53, subds. (b), (c) & (d)), and that the murder occurred during the commission of robbery and burglary (§ 190.2, subd. (a)(17)(A), (G)).

The jury acquitted Ali of murder and convicted him of the lesser included offense of voluntary manslaughter (§ 192, subd. (a)).  The jury also found true that Ali personally used a firearm in the commission of the crime (§ 12022.5, subd. (a)).  The court sentenced him to 11 years for manslaughter and a consecutive term of 10 years for the firearm use.

### Resentencing Proceedings

In May 2022, Ali filed a petition alleging he was eligible for resentencing under section 1172.6.  The People conceded that Ali met his prima facie burden for relief because the trial court had instructed the jury on the natural and probable consequences doctrine during trial, but opposed Ali's claim that he was eligible for resentencing.  The trial court issued an order to show cause and set the matter for an evidentiary hearing under section 1172.6, subdivision (c).

In August 2023, the court held an evidentiary hearing.  The People submitted into evidence the preliminary hearing transcript, the court's minute order reflecting the jury's verdict, and the People's brief in response to Ali's direct appeal.  Defense counsel called Ali to testify about the underlying facts.  Ali testified that he visited Hammet at his barbershop to buy marijuana.  According to Ali, after he refused to make the

3

purchase because the marijuana was "low grade," Hammet became angry and pulled a gun on Ali. Ali wrested the gun from Hammet and tried to leave, but Hammet "snatched" him back into the room. Ali testified that at that point, he shot Hammet "out of fear."

The trial court found that the People proved beyond a reasonable doubt that Ali was guilty of at least manslaughter. The court noted that it was undisputed Ali was the actual shooter. It further found Ali's account of self-defense lacked credibility, as witnesses testified Ali had pulled the gun from his waistband and the victim was not known to carry a gun. Accordingly, the court denied the petition.

Ali timely appealed. Court-appointed appellate counsel filed an opening brief that raised no issues and asked this court to independently review the record under *Delgadillo*, *supra*, 14 Cal.5th 216. We directed appellant's counsel to send Ali the record and a copy of the opening brief, and we advised that within 30 days of the date of the notice, Ali could submit a supplemental brief or letter stating any grounds for an appeal, contentions, or arguments he wished this court to consider. Ali timely submitted a supplemental brief.

## DISCUSSION

### I. Senate Bills Nos. 1437 and 775 and Section 1172.6

Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015) and Senate Bill No. 775 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 551) amended section 188 to eliminate theories of imputed malice as a basis for finding a defendant guilty of murder, attempted murder, and manslaughter. (§ 188, subd. (a)(3).) "[T]he Legislature's aim in the manslaughter context was to make relief available to defendants who were

4

convicted by plea or trial at a time when the prosecution could have pursued a murder charge, but the only way of doing so would have been a now invalid theory of imputed malice." (*People v. Lezama* (2024) 101 Cal.App.5th 583, 590; see Sen. Com. on Appropriations, Rep. on Sen. Bill No. 775 as amended Feb. 19, 2021, p. 3.)

Senate Bills Nos. 1437 and 775 created a procedure, now codified at section 1172.6, which allows a person convicted of a qualifying offense under the former law to seek resentencing if he or she can no longer be convicted of those offenses under amended section 188. (*People v. Lewis* (2021) 11 Cal.5th 952, 959; *People v. Gentile* (2020) 10 Cal.5th 830, 847.) Defendants commence the procedure by filing a petition declaring they were prosecuted under a theory of imputed malice for murder, attempted murder, or manslaughter, and could not presently be convicted of murder or attempted murder because of changes to section 188. (§ 1172.6, subd. (a)(1)–(3).) If the court determines the petitioner made a prima facie case for relief, the court must issue an order to show cause and hold an evidentiary hearing within 60 days. (§ 1172.6, subd. (c).)

## II.    Ali Has Not Asserted Any Basis for Reversal

The sole argument Ali raises in his supplemental brief is that the trial court conducted the evidentiary hearing without copies of the trial transcripts—which he claims were lost—in violation of section 1181, subdivision (9).[3]

---

[3]    Ali contends he has an affidavit from a "clerk" stating that she lost or destroyed the transcripts, which he claims "could have been a lot of help" at the evidentiary hearing. Ali has not provided the affidavit on appeal.

5

Section 1181, subdivision (9) allows the trial court to set aside or vacate a judgment and order a new trial "because of the loss or destruction" of trial transcripts.  "This statute does not mandate a new trial in every case where reporters' notes are unavailable; rather, it merely authorizes the reviewing court to order a new trial if justice requires."  (*People v. Moore* (1988) 201 Cal.App.3d 51, 56.)  "The loss, destruction, or absence of a portion of reporter's notes does not *per se* require a new trial.  [Citation.]  The burden is on the appellant to show that the omissions are 'substantial' and 'consequential' [citations] and that the omissions prevent meaningful appellate review.  [Citation.]"  (*People v. Bills* (1995) 38 Cal.App.4th 953, 959.)

Ali has not explained how the omission of the trial transcripts was substantial or consequential to his evidentiary hearing, or how they prevent meaningful appellate review.  The trial court denied his resentencing petition because Ali was the actual shooter—a fact that Ali himself testified to at the evidentiary hearing.  The resentencing provisions in section 1172.6 were enacted "to ensure that murder liability is not imposed on a person who is *not* the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f), italics added.)  Ali does not contend that evidence or testimony in the trial transcripts would raise a dispute about whether he was the actual killer, such that the omission of the transcripts was material to the

outcome of his resentencing proceeding.  We therefore find no basis to reverse the trial court order.[4]

## DISPOSITION

The order denying the petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

LAVIN, J.

---

[4]    Ali additionally requests that we appoint different counsel because his court-appointed counsel is "not helping [him]."  We find no grounds to appoint different counsel in this matter.